JOSEPH LITTMAN, Appellant, v. HENRY FRIED, Respondent.— Judgment dismissing complaint on the merits affirmed, with costs. No opinion. Rich, Kapper, Seeger and Scudder, JJ., concur; Lazansky, P. J., dissents.

MARY LOWRY RICHARDSON, Suing as a Stockholder of LYTLETON REALTY Co., INC., on Behalf of Herself and of All Other Stockholders, if Any There Be, Who Choose to Join Herein, Appellant, v. ALFRED S. RICHARDSON and Others, Respondents.— Order, as resettled, denying motion for a receiver *pendente lite* and for an injunction affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Kapper, Hagarty, Seeger and Carswell, JJ., concur.

BARNET RIFKIN, Appellant, v. ED ZIT HOLDING CORPORATION, Respondent.— Order, as resettled, reversed upon the law, with ten dollars costs and disbursements, and motion granted, with ten dollars costs. In our opinion, the plaintiff is entitled, under section 476 of the Civil Practice Act, to a judgment for the recovery of the down payment of $3,500 and to have the same made a lien upon the premises in question, and to have the action proceed as to the remaining issues. Although our decision upon the former appeal in this case (225 App. Div. 891) struck out from the amended answer the second defense and the two counterclaims, the allegations contained in that defense and the counterclaims constitute sworn admissions on the part of the defendant, of which admissions plaintiff may avail himself on this motion, that it did not have title to a substantial part of the property described in the contract of sale and was, therefore, unable to convey the same. Lazansky, P. J., Rich, Young, Seeger and Scudder, JJ., concur.

R. I. REALTY Co., INC., Respondent, v. JOHN R. TERRELL, Appellant.— Order granting plaintiff's motion to strike out separate defenses affirmed, with ten dollars costs and disbursements. No opinion. Hagarty, Seeger and Carswell, JJ., concur; Lazansky, P. J., and Kapper, J., dissent and vote for reversal, the former upon the ground that the complaint does not state facts sufficient to constitute a cause of action; the latter, upon the ground that the issue of no option was determined against the plaintiff in the specific performance action.

RONOR REALTY CORPORATION, Plaintiff, v. KOHL & POPICK, INC., and Others, Defendants. NEW YORK PLUMBERS SPECIALTIES Co., INC., Appellant; NEWMAN Co., INC., Respondent, and WILLIAM C. McCREERY, Referee, Respondent.— Order directing referee to refund to respondent Newman Co., Inc., balance of deposit made upon foreclosure sale affirmed, with ten dollars costs and disbursements. No opinion. Young, Rich, Hagarty, Seeger and Scudder, JJ., concur.